REQUESTED BY: Henry D. Smith, M.D., M.P.H., Director of the Department of Health, Lincoln, Nebraska.
1. Whether manufactured housing units manufactured by duly enrolled students at a technical community college on the premises of that college as a part of a course of training are governed by the Nebraska Uniform Standards for Manufactured Housing Units Act.
2. If so, whether the Department of Health by regulation can exempt such colleges from some reporting or other procedural steps required commercial manufacturers who produce many more units per year so long as the safety and other technical standards are strictly observed by the college.
1. Yes, if they are sold, offered for sale or leased in this state.
2. No.
Section 71-1559, R.S.Supp., 1978, provides:
 "Every manufactured housing unit, including those produced by any technical community college,
manufactured more than six months after July 10, 1976 which is sold, offered for sale, or leased in this state shall bear a seal issued by the department certifying that the construction and the structural, plumbing, heating, and electrical systems of such manufactured housing unit have been installed in compliance with the standards adopted by the department, applicable at the time of manufacture. . . . The department shall issue the seal only after ascertaining that the manufacturer is in full compliance with the compliance assurance program through inspections by the department, or author third party inspection agency, at the plant. . . ." (Emphasis add
The department has adopted Rule 47 containing general rules and regulations of procedures for carrying out and administering the provisions of the Nebraska Uniform Standards for Manufactured Housing Units Act (MHUA). If that rule is valid, it contains only those minimum requirements necessary to achieve the purposes declared in section 71-1556, R.R.S. 1943: To achieve uniformity in construction and to promote construction which will foster the health and safety of persons living in manufactured housing units. It follow that anything less than compliance with that rule will not achieve those purposes. Thus, any class exempt from those requirements must be designated by the Legislature, not by the department. (For such a classification to be valid, it must rest on some reason of public policy, some substantial difference of situation or circumstance that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. See Wittler v. Baumgartner, 180 Neb. 446,144 N.W.2d 62 (1966).)
Here, despite likely differences in the number of units manufactured by a technical community college and a private commercial manufacture of manufactured housing units, the Legislature not only has not exempted technical community colleges from compliance with the MHUA; it has expressly included them. The department has no authority by regulation to do otherwise.